# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARQUISE LEON NELSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00180 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **STATE OF VIRGINIA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Marquise Leon Nelson, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has submitted a pleading that he has entitled, "Human Rights Complaint," which the court has conditionally filed as a civil action. Because the plaintiff has failed to comply with court orders directing him to pay the applicable filing costs or to submit required paperwork to pay the filing fee through installments, I now dismiss the action without prejudice.

The plaintiff's Complaint named state prison officials as defendants and sought monetary damages and injunctive relief against them for violating his constitutional rights, and accordingly, the court first construed and filed his submission as a civil rights complaint, pursuant to 42 U.S.C. § 1983. When the plaintiff indicated that he had not intended to file a § 1983 complaint, the court considered the action as a civil action. To file a civil action in this court, the plaintiff must either prepay the $350 filing fee and $50 administrative fee, or

submit a properly supported application to proceed *in forma pauperis*. A prisoner seeking to pursue a civil action *in forma pauperis* must submit proper documentation to qualify under 28 U.S.C. § 1915(b) to pay the filing fee through installments from his inmate trust account.

By Order entered April 30, 2014, the court directed the plaintiff to submit within 10 days from the date of the order a statement of assets, an inmate account form, and a certified copy of plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period. The plaintiff was advised that a failure to comply would result in dismissal of this action without prejudice.

More than 10 days have elapsed, and the plaintiff has failed to comply with the described conditions.[1] Accordingly, the court dismisses the action without

---

[1] In response to the court's conditional filing Order, the plaintiff now denies that he filed any civil action with the heading used by the court. The plaintiff styled his "Human Rights Complaint" as follows: "STATE OF VIRGINIA, Plaintiff, v. MARQUISE LEON NELSON, Defendant, MARQUISE LEON NELSON, Third-Party Plaintiff, v. STATE OF VIRGINIA, [*ET AL.*]." The plaintiff asserts that jurisdiction for his action is proper in this court under the Virginia Administrative Code ("VAC") which reads: 'No prisoner shall be confined without proper legal authority.'" (Compl. 1.)

Contrary to plaintiff's assertions, claims under state law against the state and its officers are not proper in this court. In any event, the plaintiff is advised that if he wants to proceed with any civil action in this court, regardless of the title he wishes to give his lawsuit, he must prepay the filing costs or comply with conditions as necessary to qualify under § 1915(b) to pay the fee through installments. Because he has failed to do so, I must dismiss his action without prejudice.

prejudice and strikes the case from the active docket of the court.  The plaintiff may refile the claims in a separate action once he is prepared to comply with the required conditions.

A separate Final Order will be entered herewith.

DATED: May 20, 2014

/s/  James P. Jones
United States District Judge